JUDGE SULLIVAN    11 CIV 3455

MARC E. BERNSTEIN
PAUL, HASTINGS, JANOFSKY & WALKER LLP
75 East 55th Street
New York, NY 10022-3205
(212) 318-6000

*Attorneys for Plaintiff*
TRANSATLANTIC REINSURANCE COMPANY



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRANSATLANTIC REINSURANCE COMPANY,

        Plaintiff,

  - against -

BRENDA J. JANSEN,

        Defendant.

No. _____

**COMPLAINT**

---

Plaintiff Transatlantic Reinsurance Company ("TRC"), by its attorneys, Paul, Hastings, Janofsky & Walker LLP, for its Complaint in this matter, states as follows:

**NATURE OF ACTION**

This is an action for a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201-02. This action arises out of a present and actual controversy between TRC and Defendant Brenda Jansen ("Jansen"), relating to Jansen's threat of legal action against, and demanding payment from, TRC based on TRC's alleged violation of the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19-1 *et seq.* Jansen claims that TRC is liable under CEPA even though Jansen worked for TRC exclusively in New York, all decisions surrounding Jansen's employment (and the termination of her employment) were made in New York, and TRC has no operations in New Jersey. TRC seeks a judgment from this Court

finding that TRC is not liable to Jansen under CEPA.

## THE PARTIES

1.  TRC is a New York corporation with its headquarters at 80 Pine Street, New York, New York 10005.

2.  Jansen is a natural citizen who, upon information and belief, resides at 419 Oakdene Avenue, Cliffside Park, NJ 07010.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201-02. TRC is a citizen of New York State and Jansen is a citizen of a foreign state and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.  This Court has personal jurisdiction over Jansen because at all times relevant to this action Jansen was employed by TRC in this district and all actions concerning her employment and termination occurred in this district.

5.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 in that all of the events giving rise to this dispute occurred in the Southern District of New York.

## FACTUAL BACKGROUND

6.  Jansen was employed by TRC as an Assistant Vice President in its New York City headquarters from 1996 through 1998 and then as a Vice President from 1998 through the termination of her employment on June 2, 2010.

7.  On June 2, 2010, Jansen was terminated for repeated insubordination -- namely, that she refused to complete an important project that had been assigned to her the prior day by her supervisor Lee Taylor (Senior Vice President, Manager of the General Casualty Treaty Department) and then she refused to attend a business meeting with Mike Sapnar

(Executive Vice President and Chief Underwriting Officer for its Domestic Operations) and Donna Byron (Vice President of Human Resources). Her employment was terminated within hours of her refusal to attend the meeting with Mr. Sapnar and Ms. Byron.

8. Shortly after Jansen's employment was terminated, she asserted, through her counsel, for the first time, a conclusory allegation of "price-fixing" against TRC, but she refused to elaborate on her assertions or provide any details to TRC.

9. Jansen refused to meet with or provide any information to TRC regarding her assertion. Instead, she demanded that TRC pay her large sums of money, or else she would publicly claim that TRC was involved in "price-fixing." When TRC refused to pay her any money, Jansen threatened legal action against TRC under the New Jersey CEPA with respect to her termination, even though she worked exclusively in New York for her entire 14 years of employment with TRC; TRC is a New York corporation with its headquarters in New York; and TRC has no operations or personnel in New Jersey.

## COUNT 1

**(Declaratory Judgment Pursuant to 28 U.S.C. § 2201)**

10. TRC repeats the allegations of paragraphs 1 through 9 of this Complaint as fully set forth herein.

11. There is an actual controversy between TRC and Jansen, in that Jansen has threatened to bring a lawsuit against TRC under the New Jersey CEPA if TRC does not pay money to Jansen.

12. Accordingly, TRC seeks a declaration from this Court pursuant to 28 U.S.C. § 2201 that TRC is not liable to Jansen under the New Jersey CEPA.

WHEREFORE, TRC seeks a declaratory judgment that TRC is not liable to Jansen under the New Jersey CEPA. TRC further seeks its costs and disbursements of this suit, its reasonable attorneys' fees and any other relief that the Court deems just and proper.

Dated: New York, New York
      May 20, 2011

Respectfully submitted,

PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____
          Marc E. Bernstein

75 East 55th Street
New York, NY 10022-3205
(212) 318-6000

*Attorneys for Plaintiff*
TRANSATLANTIC REINSURANCE COMPANY

LEGAL_US_E # 93214118.3